IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


LARKIN WHEELER,                          :

     Plaintiff,                         :

vs.                                      :      CIVIL ACTION 10-556-KD-C

BOBBY DODSON, et al.,                    :

     Defendants.                        :


REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint.** (Doc. 1).

Plaintiff filed a Complaint, naming as Defendants Bobby Dobson, Gerald Moore, and Willie Lewis.  (Doc. 1).  Plaintiff contends that he was transferred to the Mobile Work Facility on June 9, 2010, and that at the time, he was to begin a job with Wilder Rebar, LLC ("Wilder"). (*Id.* at 4).  Defendant Gerald Moore, identified by Plaintiff as the Job Placement Officer at the Mobile Work Facility, asked Plaintiff if he would be willing to work for Dobson Sheetmetal and Roofing ("Dobson") temporarily, while paperwork was prepared for the job with Wilder.  (*Id.*).

1

Plaintiff agreed, and began working on June 21, 2010, with Dobson. (*Id.*). Plaintiff claims he was advised by Gerald Moore that he would begin work with Wilder on June 28, 2010. (*Id.*).

On June 25, 2010, Plaintiff claims that he worked for Dobson, believing it was his last day. (*Id.*). However, Plaintiff claims that the owner of Dobson Sheetmetal and Roofing, Bobby Dobson, refused to pay him for that day, and further advised him that there was a problem with his employment with Wilder and that Plaintiff would still be working at Dobson the following workday. (*Id.*). Plaintiff complained to Officer Moore regarding this situation, as he believed that he would earn more money working for Wilder. (*Id.*). The following Monday, when Plaintiff refused to go back to work for Dobson, he was called to Defendant Willie Lewis's office, where he was ordered to go back to work for Dobson or be subject to a disciplinary. (*Id.*). Plaintiff advised Defendant Lewis of the situation, and he claims that Defendant Lewis instructed him to return to work at Dobson for two weeks, so as to give Dobson a proper notice before leaving to work at Wilder. (*Id.*). Plaintiff claims that two days before this two week work period ended with Dobson, Defendant Bobby Dobson fired him, and reported to the Mobile Work Facility that Plaintiff would not work. (*Id.*). Subsequently, on July 12, 2010, Plaintiff, along with several other inmates who also allegedly left Dobson's employment, were transferred to the Camden Work Facility. (*Id.*). Plaintiff complains that he was treated unfairly, and that he is "missing out on work" by having been transferred to Camden. (*Id.*).

For relief, Plaintiff requests compensatory damages of $1500.00, punitive damages of $25,000.00, the institution of a grievance procedure for work release inmates, an investigation

into the work ethics of Moore and Lewis, fair wages to be paid to skilled workers, and to finish the remainder of his sentence at the Mobile Work Facility.[1]  (*Id.* at 7.)

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).[2]   A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 566 U.S. 662, ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]

---

[1] Plaintiff is no longer incarcerated.  (Doc. 16).

[2]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Id.* at 1348-49.

that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (quotation marks and second brackets in original).  The court will treat the factual allegations as true.  *Iqbal*, 566 U.S. at ___ , 129 S. Ct. at 1949.  However, the court will not accept as true "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts," *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 566 U.S. at ___, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).  When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 566 U.S. 662.  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that "(1) . . . the conduct complained of … was committed by a person acting under color of state law; and (2) … this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L.

Ed. 2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

First, as to Defendant Bobby Dobson of Dobson Sheetmetal and Roofing, Plaintiff has failed to

even allege that Mr. Dobson was acting under color of state law, nor has he alleged any fact to

indicate to the Court that he was acting in such a capacity.[3]  Second, and notably, Plaintiff's

allegations in this action as to all Defendants fail to rise to a constitutional magnitude, as he has

failed to show the deprivation of a constitutional right.  Plaintiff's allegations consist almost

entirely of complaints of unfairness related to his employment and wages.  Regarding Plaintiff's

allegation that he was improperly transferred to the Camden Work Facility, this likewise does

not raise a constitutional claim.  The Constitution permits prison officials to place an inmate in

any one of their facilities. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 2538, 49 L. Ed.

2d 451 (1976) (finding that "the Due Process Clause [does not] in and of itself protect a duly

convicted prisoner against transfer from one institution to another within the state prison system

---

[3] To determine if a private party acts under color of state law, the United States Supreme
Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3)
> the nexus/joint action test. . . . The public function test limits state
> action to instances where private actors are performing functions
> "traditionally the exclusive prerogative of the state." . . .  The state
> compulsion test limits state action to instances where the
> government "has coerced or at least significantly encouraged the
> action alleged to violate the Constitution." . . . The nexus/joint
> action test applies where "the state has so far insinuated itself into
> a position of interdependence with the [private party] that it was a
> joint participant in the enterprise."

*Willis v. University Health Services, Inc.*, 993 F.2d 837, 840  (11th Cir.) (citations
omitted), *cert. denied*, 510 U.S. 976 (1993).  However, it is "[o]nly in rare circumstances [that] a
private party [can] be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*,
949 F.2d 1127, 1130 (11th Cir. 1992).

.... within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated[.]"). Therefore, Plaintiff's § 1983 action is frivolous.

## IV.  Conclusion.

Based upon the foregoing reason, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 2nd day of May, 2012.


s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE


### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of

Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).